### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY S. RIDGEWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 06-00161-BH-C |
| PROGRESSIVE CASUALTY ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on a motion for summary judgment (Docs. 11-13) filed by the defendant, Progressive Casualty Insurance Company ("Progressive"), as to plaintiff's claims for uninsured boater coverage under a policy of marine insurance issued by the defendant to plaintiff's husband effective July 2, 2005. Plaintiff's claims are for the negligence and wantonness of unidentified boaters who allegedly passed the boat operated by plaintiff's husband and in which plaintiff was a passenger in such a manner as to cause wakes to hit plaintiff's boat and to thereby cause plaintiff's injuries, including a fracture in the lower thoracic region of her vertebra and partial paralysis. Although Progressive acknowledges that the marine insurance policy at issue provided a $250,000 limit "for what is defined in the policy as 'Uninsured/Underinsured Boater Coverage'," Progressive's motion for summary judgment is predicated on the contention that coverage exists only if the uninsured boat physically strike the plaintiff or the boat in which plaintiff is a passenger. Upon consideration of Progressive's motion, plaintiff's response

in opposition thereto (Doc. 15), Progressive's reply (Doc. 16) and all other pertinent portions of the record, the Court concludes that Progressive has failed to establish entitlement to judgment as a matter of law and that, therefore, its motion for summary judgment is due to be denied.

Progressive challenges plaintiff's reliance upon *Tyler v. Insurance Co. of North America*, 331 So.2d 641 (1976). Specifically, Progressive argues that, unlike the wake from a boat or boats passing no nearer that 60 feet from the boat plaintiff occupied, "[i]n *Tyler*, the decedent was in direct physical contact with a rope that was pulled by an automobile" and "[t]he Court's ruling in *Tyler* provides that in lieu of direct contact between an automobile and a person, 'contact can be with a tangible object attached or connected to the automobile." Reply Brief at 3-4. Progressive ignores, however, the *Tyler* Court's additional conclusion that "the words 'struck by an automobile' require **either** an impact between the injured and the automobile **or between the injured and something set in motion by the impact of the automobile upon it or between the injured and something set in motion as a result of the automobile's force."** 331 So.2d at 646 (emphasis added). As applied to the case at bar, it may be said that the water[1] alleged to have caused plaintiff's injuries was set in motion by the uninsured watercraft here at issue.

---

[1] Although the "wake" caused by a boat may indeed be "a temporary form that the water takes as a boat passes through it" (Reply Brief at 4), it is nonetheless tangible despite Progressive's efforts to characterize it otherwise.

Progressive also contends that *Tyler* is simply inapplicable because "case law that exclusively addresses automobiles cannot be construed to pertain to boats." Reply Brief at 4. Progressive proffers no legal support for such a distinction to be draw in an insurance contract interpretation context, nor has the Court found support for such a distinction.

For the reasons stated above, it is **ORDERED** that Progressive's motion for summary judgment be and is hereby **DENIED**.

**DONE** this 11th day of July, 2006.

                    s/ W. B. Hand
                    SENIOR DISTRICT JUDGE