# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY S. RIDGEWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 06-00161-BH-C |
| PROGRESSIVE CASUALTY ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the second motion for summary judgment (Docs. 21-23) filed by the defendant, Progressive Casualty Insurance Company ("Progressive"), as to plaintiff's claims for uninsured boater coverage under a policy of marine insurance issued by the defendant to plaintiff's husband effective July 2, 2005. Plaintiff's claims are for the negligence and wantonness of unidentified boaters who allegedly passed the boat operated by plaintiff's husband and in which plaintiff was a passenger in such a manner as to cause wakes to hit plaintiff's boat and to thereby cause plaintiff's injuries, including a fracture in the lower thoracic region of her vertebra and partial paralysis. Progressive's second motion for summary judgment is predicated on the contention that "[t]he pass where the alleged boating accident occurred is not a 'no wake zone' and there are no regulations that govern boater's speed in this area." Upon consideration of Progressive's second motion, plaintiff's response in opposition thereto (Doc. 27), Progressive's reply (Doc. 30) and all other pertinent portions of the record, the Court

concludes that Progressive has failed to establish entitlement to judgment as a matter of law and that, therefore, its motion for summary judgment is due to be denied.  Despite Progressive's protestations to the contrary, the nonexistence of a "no wake" restriction is irrelevant in that there is sufficient evidence proffered in the deposition testimony of both the plaintiff and her husband from which a jury could determine the alleged negligence and wantonness of the unidentified boats.[1]

For the reasons stated above, Progressive's second motion for summary judgment be and is hereby **DENIED.**

**DONE** this 16TH day of October, 2006.

s/ W. B. Hand  
SENIOR DISTRICT JUDGE

---

[1] Progressive concedes that the evidence of record contains "Plaintiff's testimony that the tortfeasor boats were traveling too fast and too close to the boat in which she was riding," but essentially argues that such evidence is due no credance.  It is not for this Court, however, to weigh the evidence or to judge credibility.