# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY S. RIDGEWAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE CASUALTY )<br>INSURANCE COMPANY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>06-00161-BH-C |

## MEMORANDUM OPINION AND ORDER

This action came on for Jury Selection on March 5, 2007, but the Court determined, upon consideration of the proposed jury instructions submitted by the parties at the outset of the proceedings and reconsideration of the Pretrial Order submitted by the parties and all other pertinent portions of the record, that the Court erred by previously denying (Doc. 17) the motion for summary judgment (Docs. 11-13) filed by the defendant, Progressive Casualty Insurance Company ("Progressive").  In this action, the plaintiff asserts claims for uninsured boater coverage under a policy of marine insurance issued by the defendant to plaintiff's husband effective July 2, 2005.  Plaintiff's claims are for the negligence and wantonness of unidentified boaters who allegedly passed the boat operated by plaintiff's husband and in which plaintiff was a passenger in such a manner as to cause wakes to hit plaintiff's boat and to thereby cause plaintiff's injuries, including a fracture in the lower thoracic region of her vertebra and partial paralysis. Although Progressive acknowledges that the marine insurance policy at issue provided a

$250,000 limit "for what is defined in the policy as 'Uninsured/Underinsured Boater Coverage'," Progressive's motion for summary judgment is predicated on the contention that coverage exists only if the uninsured boat physically strikes the plaintiff or the boat in which the plaintiff is a passenger.  In this case, it is undisputed that the alleged uninsured boaters never physically stuck the boat in which the plaintiff was a passenger.

The policy of marine insurance at issue [Policy number 3265113-0] was effective on July 2, 2005, but provided the following, in pertinent part:

> **PART III - UNINSURED/UNDERINSURED BOATER COVERAGE**
>
> **INSURING AGREEMENT - UNINSURED BOATER COVERAGE**
>
> Subject to the limits of Liability, if **you** pay a premium for Uninsured Boater Coverage, **we** will pay for the damages, other than punitive or exemplary damages, which an **insured person** is entitled to recover from the **owner** or operator of an **uninsured watercraft** because of **bodily injury**:
> 1. sustained by an **insured person**;
> 2. caused by an **accident**; and
> 3. arising out of the ownership, maintenance, or use of an **uninsured watercraft**.
>
> . . .
>
> **ADDITIONAL DEFINITIONS**
>
> When used in this Part III:
> . . .
> 3. "**Uninsured watercraft**" means a watercraft:
>    . . .
>    c. that is a hit-and-run **watercraft** whose operator or **owner** cannot be identified and which strikes:
>       I. **You** or a **relative**;
>       ii. A **watercraft** that **you** or a **relative** are **occupying**; or
>       iii. A covered watercraft;
>       provided that the **insured person**, or someone on his or her behalf, reports the **accident** to the coast guard,

>>police, or other civil authority within twenty-four (24) hours or as soon as practicable after the **accident**.

Defendant's Exhibit D at pp. 15-16 (emphasis in original).

Under applicable Alabama state law, "[a] contract of insurance . . . is governed by the general rules of contracts" and "[i]nsurance companies are entitled to have their policy contract[s] enforced as written." *Twin City Fire Ins. Co. V. ALFA Mutual Ins. Co.*, 817 So.2d 687, 691 (Ala. 2001). "The court must enforce the insurance policy as written if the terms are unambiguous." *Safeway Ins. Co. of Ala., Inc. V. Herrera*, 2005 Ala. LEXIS 25 (Ala. 2005). In determining whether an ambiguity exists, the court is to give terms or phrases the meaning a person of ordinary intelligence would reasonably give it or as it is defined within the contract. *Id.*

In opposition to Progressive's motion, plaintiff relies on *Tyler v. Insurance Co. of North America*, 331 So.2d 641 (1976) and its conclusion that "the words 'struck by an automobile' require either an impact between the injured and the automobile or between the injured and something set in motion by the impact of the automobile upon it or between the injured and something set in motion as a result of the automobile's force." 331 So.2d at 646. If this precept were applied to the case at bar, it could be said that the water alleged to have caused plaintiff's injuries was set in motion by the uninsured watercraft here at issue. Progressive challenges the applicability of *Tyler* on the grounds that "case law that exclusively addresses automobiles cannot be construed to pertain to boats." Upon reconsideration of the issue, this Court now believes that a distinction does

exist between case law that exclusively addresses motorist coverage involving automobiles, whether or not identified as uninsured motorist coverage, and that which might address such coverage in the context of boats.  In the well reasoned opinion of *Progressive Specialty Ins. Co. V. Maas*, 2005 WL 2977807 (D. Minn. Nov. 7, 2005), involving an identical marine insurance provision,  it was held:

> To be an "uninsured watercraft," however, a "hit-and-run" watercraft must also "strike" a covered watercraft. The plain meaning of "strike" is to come into contact or collision. Webster's Third New Int'l Dictionary 2262 (1993). Accordingly, a watercraft must itself contact a covered watercraft to be "uninsured." This interpretation is in accord with the "cardinal rule of [contractual] construction that any interpretation which would render a provision meaningless should be avoided on the assumption that the parties intended the language used by them to have some effect."

2005 WL 2977807 at *2 (citation omitted).    As was true in the *Maas* case, Alabama does not mandate uninsured boaters coverage and the parties have not pointed to any authority that governs the issuance of uninsured boater coverage in a policy of marine insurance in Alabama.  In point of fact, although Alabama mandates liability insurance and certain aspects of uninsured motorists coverage for automobiles (Ala. Code § 32-7A-4 and § 32-7-23(a)), it does not do so with respect to boats.  Consequently, it is not surprising that no case law has been presented or discovered by this Court in which any public policy has been identified which would render void the physical-contact requirement in the definition of "uninsured watercraft" contained in the policy at issue.   Absent the existence of such a public policy statement in Alabama, the physical-contact requirement is, therefore, valid and enforceable pursuant to general rules of contract recognized and

enforced in Alabama.  *Cf.*, *Hill v. Campbell*, 804 So.2d 1107, 1110 and 1116 (Ala. Civ. App. 2001)("Insurance companies have the right to limit their liability and to write policies with narrow coverage. . . . [I]t does not violate the public policy of Alabama for an insurance company to exclude coverage for punitive damages in a liability policy if it chooses to do so.")[1]

Inasmuch as it is not disputed that the watercraft alleged to have proximately caused plaintiff's injury in this case did not come into physical contact with plaintiff's boat, Progressive's Policy number 3265113-0 does not provide Uninsured Boater Coverage for damages arising out of plaintiff's injuries on July 2, 2005.  Progressive's motion for summary judgment is due to be granted.

## CONCLUSION AND ORDER

For the reasons stated above, it is **ORDERED** that Progressive's motion for summary judgment be and is hereby **GRANTED** and that **JUDGMENT** accordingly be entered in favor of the defendant, Progressive Casualty Insurance Company, and against the plaintiff, Kimberly S. Ridgeway, the plaintiff to have and recover nothing from the

---

[1] The Alabama Court of Civil Appeals, in *Hill v. Campbell*, 804 So.2d at 1116 upheld the exclusion of punitive damages in a liability policy but simultaneously declared that "such an exclusion **does** violate the Uninsured Motorist Act as written [because,] Alabama's UM statute, as written, permits recovery of punitive damages and . . . only the legislature has the authority to change the statute to limit recovery to compensatory damages."  Inasmuch as Alabama does not mandate uninsured boaters coverage, Progressive's limitation of coverage to instances involving physical contact by the uninsured watercraft **does not** violate either an Alabama statute or public policy.

defendant on her claims for uninsured boater coverage.  No costs are to be taxed in this case.

**DONE** this 6th day of March, 2007.

s/ W. B. Hand<br>SENIOR DISTRICT JUDGE